UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**Richard Schlesinger,**

    **Plaintiff,**

    v.

**Fenwick High School,**

    **Defendant.**

## COMPLAINT

Plaintiff, Mr. Richard Schlesinger, by and through his attorney, Horvat Law, LLC, brings this action for discrimination, retaliation, and other prohibited conduct in violation of Title VII of the Civil Rights Act of 1964, and related state law claims.[1] In support thereof, Mr. Schlesinger asserts as follows:

### Jurisdiction and Venue

1. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 as Plaintiff seeks redress for Defendant's violations of federal law.

2. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper pursuant to 28 U.S.C. U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred within this judicial district.

---

[1] Plaintiff has filed a complaint with the Illinois Department of Human Rights based on violations of the Illinois Human Rights Act. Plaintiff will be seeking to amend his complaint to incorporate these claims once perfected.

1

### Parties

4. Mr. Richard Schlesinger ("Mr. Schlesinger" or "Plaintiff") is the Plaintiff in the above-entitled matter who at all relevant times resided in Cook County, IL.

5. Fenwick High School ("FHS" or "Defendant") is the Defendant in the above-entitled matter. FHS is a private Catholic college preparatory school located at 505 Washington Blvd. in Oak Park, IL 60302.

### Factual Allegations

6. Plaintiff, an openly gay man, began working as a teacher at Fenwick High School ("FHS"), a private Catholic preparatory high school, in December of 2022.

7. Beginning in or about August of 2023, Plaintiff's direct supervisor began making disparaging comments to Plaintiff regarding Plaintiff's sexuality.

8. In or about February of 2024, Plaintiff complained to FHS administration regarding the disparaging comments. FHS took no remedial action based on Plaintiff's complaint.

9. In April of 2024, Plaintiff accepted a position as a teacher at a local public high school.

10. Pursuant to Illinois law, FHS was required to fill out a questionnaire informing Plaintiff's new employer about any allegations made against Plaintiff regarding sexual misconduct with students.

11. In April of 2024, FHS correctly informed Plaintiff's prospective employee that no such allegation had been made against Plaintiff.

12. Subsequent to informing Plaintiff's prospective employer that no allegation of sexual misconduct had been made, the disparaging comments made by Plaintiff's supervisor intensified.

13. Due to this fact, Plaintiff escalated his previous complaint to the human resources

department at FHS which agreed with Plaintiff that the comments made towards him were harassing and discriminatory.

14. Despite this fact, as with Plaintiff's previous complaint, no remedial action was taken by FHS despite Plaintiff's request to investigate.

15. In May of 2024, a fellow teacher informed Plaintiff of a false rumor of Plaintiff's sexual misconduct while employed at FHS.

16. Upon being advised of the false rumor, Plaintiff immediately informed the human resources department at FHS of the unsubstantiated rumors and the fact that they were false.

17. At this time, FHS made the determination that the rumors were in fact false and took no further action.

18. On or about May 31, 2024, Plaintiff worked his final day at FHS.

19. On August 24, 2024, Plaintiff began working as a teacher for his new employer, a local public high school.

20. Plaintiff's new job was salaried and came with benefits.

21. Moreover, Plaintiff's position with his new employer was for a fixed term of employment that granted Plaintiff certain rights and procedures precluding his termination absent good cause.

22. At or about this time, FHS underwent administrative changes and began looking into Plaintiff's complaints of harassment, as well as the previously dismissed and false rumors of Plaintiff's sexual misconduct.

23. On or about September 19, 2024, FHS, based on the same unsubstantiated rumors it previously dismissed as false, falsely informed Plaintiff's new employer that Plaintiff had engaged in sexual misconduct while employed at FHS.

24. The allegation is false.

25. Prior to defaming Plaintiff, the new administrator at FHS never discussed with Plaintiff the previously disregarded allegations or otherwise gave Plaintiff the opportunity to respond.

26. On information and belief, Plaintiff's sexual orientation and his complaints about discrimination and harassment while employed at FHS were a motivating factor for the false and defamatory disclosure to Plaintiff's new employer.

27. On October 10, 2024, Plaintiff was informed by his present employer that it would recommend to its school board that, as a result of being notified by FHS of the false rumors, Plaintiff be terminated

28. On or about October 18, 204, Plaintiff resigned from his new position.

29. Plaintiff's resignation was not voluntary but instead was the direct result of the discriminatory and retaliatory action of FHS.

30. In addition to the financial loss incurred as a result of Defendant's conduct, Plaintiff has suffered significant injury to his emotional well-being, his professional prospects, and his reputation.

31. Moreover, in applying to new schools to obtain employment, Plaintiff's prospective employers will continue to be informed by FHS of the same false allegations that gave rise to Plaintiff's termination.

32. The continued dissemination by FHS of the false allegation guarantees that Plaintiff will never teach again.

**COUNT I**
**Title VII of the Civil Rights Act of 1964**
**Discrimination**

33. Plaintiff incorporates each paragraph of this Complaint as fully stated herein.

34. As described more fully herein, on account of Plaintiff's sexual orientation, FHS discriminated against Plaintiff.

35. Defendant's actions were arbitrary, capricious, and undertaken in bad faith.

36. As a result of Defendant's actions, Plaintiff has been injured.

37. On February 7, 2025, Plaintiff obtained from the Equal Opportunity Employment Commission consent to opt out of the administrative process and commence the present action.

## COUNT II
### Title VII of the Civil Rights Act of 1964
### Retaliation

38. Plaintiff incorporates each paragraph of this Complaint as fully stated herein.

39. As described more fully herein, Plaintiff was retaliated against for opposing acts prohibited by Title VII.

40. Defendant's actions were arbitrary, capricious, and undertaken in bad faith.

41. As a result of Defendant's actions, Plaintiff has been injured.

42. On February 7, 2025, Plaintiff obtained from the Equal Opportunity Employment Commission consent to opt out of the administrative process and commence the present action.

## COUNT IV
### Defamation

43. Plaintiff incorporates each paragraph of this Complaint as fully stated herein.

44. As described more fully herein, Defendant knowingly and intentionally publicized a false statement that *per se* damaged Plaintiff's reputation.

45. Defendant's actions were arbitrary, capricious, and undertaken in bad faith.

46. As a result of Defendant's actions, Plaintiff has been injured.

## COUNT V
### False Light

47. Plaintiff incorporates each paragraph of this Complaint as fully stated herein.

48. As described more fully herein, Defendant placed Plaintiff in a false light before persons with whom Plaintiff had a special relationship with.

49. The false light that Plaintiff was placed in would be highly offensive to any reasonable person.

50. Defendant's actions were arbitrary, capricious, and undertaken in bad faith.

51. As a result of Defendant's actions, Plaintiff has been injured.

## COUNT VI
### Tortious Interference with Contract

52. Plaintiff incorporates each paragraph of this Complaint as fully stated herein.

53. As described more fully herein, there existed a valid and enforceable contract between Plaintiff and his employer, the local public high school.

54. Defendant was aware of the contractual relationship between Plaintiff and the local public high school.

55. As described more fully herein, Defendant intentionally and unjustifiably induced a termination of Plaintiff's contract with Plaintiff's employer.

56. As a result of Defendant's actions, Plaintiff has been injured.

## Count VII
### Intentional Interference with Prospective Economic Advantage

57. Plaintiff incorporates each paragraph of this Complaint as fully stated herein.

58. Pleading in the alternative to Count VI, and as described more fully herein, Plaintiff had a reasonable expectation of entering into a valid business relationship with the local public high school.

59. Defendant was aware of this expectancy.

60. As described more fully herein, Defendant intentionally and unjustifiably induced a termination of Plaintiff's expectation.

61. As a result of Defendant's actions, Plaintiff has been injured.

## COUNT VIII
### Negligence (Willful and Wanton Conduct)

62. Plaintiff incorporates each paragraph of this Complaint as fully stated herein.

63. As stated more fully herein, Defendant owed a duty to Plaintiff to protect his good name, reputation, and well-being as a former employee.

64. In the manner described above, Defendant breached this duty.

65. Defendant's actions were undertaken with an utter indifference or conscious disregard for the good name, reputation, and well-being of Plaintiff.

66. As a result of the Defendant's actions, Plaintiff has been injured.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in his favor and against Defendant, award compensatory damages, punitive damages, attorneys' fees, costs, and enter an order prohibiting Defendant from the further dissemination of false and injurious statements regarding Ms. Schlesinger.

### Jury Trial Demanded

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

*T. Andrew Horvat*
Attorney for Plaintiff

*/s/ T. Andrew Horvat*
Horvat Law, LLC
155 N. Wacker Drive, Suite 4250
Chicago, IL 60606
312-803-4956
andrew@horvatlawllc.com
ARDC No. 6277684