**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Richard Schlesinger,<br><br>    Plaintiff,<br><br>  v.<br><br>Fenwick High School,<br><br>    Defendant. | Case no. 25-cv-2194<br><br>Judge Franklin U. Valderrama<br>Magistrate Judge Albert Berry, III |

**UPDATED JOINT STATUS REPORT**

Now come the parties, by and through their undersigned counsel, and pursuant to this Court's order of September 23, 2025 (ECF no. 34), submit the following updated joint status report:

I.    **Nature of the Case**

    A.    **Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.**

T. Andrew Horvat (Lead)
Attorney for Plaintiff
Horvat Law, LLC
155 N. Wacker Drive, Suite 4250
Chicago, IL 60606
312-803-4956
andrew@horvatlawllc.com

Connor P. Singleton (Lead)
Attorney for Defendant
Engler Callaway Baasten & Sraga, LLC
2215 York Road, Ste. 400
Oak Brook, IL 60523
630-313-4750
csingleton@ecbslaw.com

Liz Rapacz Callaway
Attorney for Defendant
Engler Callaway Baasten & Sraga, LLC
2215 York Road, Ste. 400
630-313-4750
lcallaway@ecbslaw.com

Ryan Gillespie
Attorney for Defendant
Engler Callaway Baasten & Sraga, LLC
2215 York Road, Ste. 400
630-313-4750
rgillespie@ecbslaw.com

1

**B.      State the basis for federal jurisdiction.  If based on diversity, state the domicile of all parties.  As a reminder, domicile is different than residence – the former is what counts for diversity purposes.** *See Heinen v. Northrop Grumman Corp.*, **671 F.3d 669 (7th Cir. 2012)**

This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 as Plaintiff seeks redress for Defendant's alleged violations of Title VII.

**C.      Provide a short overview of the case in plain English (five sentences or less).**

Plaintiff, an openly gay man, was a former teacher at Fenwick High School. Plaintiff alleges that he was harassed by his supervisor as a result of his sexuality and that this harassment/discrimination continued after Plaintiff gained employment at another school. Specifically, Plaintiff alleges that Defendant informed his new employer that he had engaged in sexual misconduct while employed by Defendant. Plaintiff alleges that this allegation was knowingly false, was levied against him due to his sexuality, and that Plaintiff was fired by his new employer as a result of this false allegation.  Defendant Fenwick High School denies all the allegations contained in Plaintiff's Complaint and additionally states that Faith's Law (105 ILCS 5/22-94(e)) mandated that it complete the relevant disclosure to Plaintiff's subsequent employer.

**D.      Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.**

Plaintiff alleges violations of Title VII (sexuality and retaliation) and brings state law claims of defamation, false light, tortious interference with contract, intentional interference with prospective economic advantage, and willful and wanton conduct..

Defendant's Rule 12(b)(6) Motion to Dismiss is pending.  Defendant asserts that it did not take or cause any adverse employment action against Plaintiff, that Plaintiff otherwise fails to state claims against it, and that the Illinois School Code provides it with immunity from civil liability for Plaintiff's State law claims which are based on its alleged mandated Faith's Law (105 ILCS 5/22-94(e)) disclosure to Plaintiff's subsequent employer.

**E.      What are the principal factual issues?**

The principle factual issues are whether the alleged discrimination and retaliatory conduct occurred, and if so, whether they were motivated by Plaintiff's sexual orientation, and whether the claim of sexual misconduct made by Defendant was knowingly false.

**F.      What are the principal legal issues?**

See answer to E. Additionally, whether Defendant may be held liable as a matter of law for Plaintiff's subsequent employer's alleged employment action, whether Illinois statute mandated that Defendant make the amended disclosure to Plaintiff's subsequent employer, and whether immunity under the Illinois School Code applies to the alleged actions by Defendant.

**G.** **What relief is the plaintiff(s) seeking?  Quantify the damages, if any.**
**(A ballpark estimate is acceptable – the purpose is simply to give the Court a feel for the case.  This estimate will not be admissible.).**

Plaintiff seeks compensatory damages for loss of employment and mental/emotional harms, punitive damages, and injunctive relief in the form of an order prohibiting Defendant from the further dissemination of allegedly false and injurious statements regarding Plaintiff.  A calculation of damages is not yet available as Plaintiff continues to mitigate damages.

**H.** **Have all of the defendants been served, or waived service of process?  If not, identify the defendants that have not received service.**

Yes, all Defendants have been served.

## II. Pending Motions

A FRCP 12(b)(6) Motion to Dismiss has been fully briefed. See ECF nos. 17, 18, 20, 29.

## III. Discovery

**A.** **On May 27, 2025 (ECF No. 16), this Court set the discovery schedule below. To date, the parties are in compliance with the order.**

**Specifically, each party has propounded and answered interrogatories and production requests. On October, 27, 2025, Plaintiff sent Defendant a LR 37.2 letter regarding several alleged deficiencies in Defendant's answers to Plaintiff's production requests. The parties are presently in the process of working through the disputes. Defendant intends to provide Plaintiff with a response to his LR 37.2 letter by November 19, 2025.  The parties are optimistic that an agreement will be reached shortly.**

| Event | Deadline |
| --- | --- |
| 26(a)(1) Disclosures | 8/2/25 |
| Written to be Issued | 8/16/25 |
| Completion of Fact Discovery | 3/2/26 |

**B.** **How many depositions do the parties expect to take?**

Each party expects to take approximately 3-5 depositions.

3

**C.      Do the parties foresee any special issues during discovery?**

No special issues are foreseeable at this time.

**D.      Rule 26(f)(2) requires the parties to propose a discovery plan.  *See* Fed. R. Civ. P. 26(f)(2).   Rule 26(f)(3), in turn, provides that a "discovery plan must state the parties' views  and proposals" on six different topics.  *See* Fed. R. Civ. P. 26(f)(3). Have the parties discussed a discovery plan – including all of the topics – as required by Rule 26(f)(3)?  If so, do the parties propose anything?**

The parties have engaged in preliminary discussions regarding the scope of discovery pursuant to Rule 26(f)(2). No proposals are made at this time.

**IV.      <u>Trial</u>**

**A.      Have any of the parties demanded a jury trial?**

Yes, Plaintiff has demanded.

**B.      Estimate the length of trial.**

The Parties anticipate that trial will last 3-4 days.

**V.      <u>Settlement, Referrals, and Consent</u>**

**A.      Have any settlement discussions taken place?  If so, what is the status?  Has the plaintiff made a written settlement demand?  And if so, did the defendant respond in writing?  (Do <u>not</u> provide any particulars of any demands or offers that have been made.)**

No settlement discussion have taken place and no demand has been made.

**B.      Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?**

No conference is requested at this time.

**C.      Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment?  Do all parties <u>unanimously consent</u> to that procedure?  The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.**

Yes, the parties have discussed with their clients the possibility of proceeding before the assigned magistrate. The parties do not unanimously consent at this time.

**VI.**     <u>Other</u>

    **A.**     **Is there anything else that the plaintiff(s) wants the Court to know? (Please be brief.)**

No.

    **B.**     **Is there anything else that the defendant(s) wants the Court to know? (Please be brief.)**

No.

Respectfully,

*/s/ T. Andrew Horvat*
Attorney for Plaintiff
Horvat Law, LLC
155 N. Wacker Drive, Suite 4250
Chicago, IL 60606
312-803-4956
andrew@horvatlawllc.com

<u>*/s/ Connor P. Singleton*</u>
Attorney for Defendant
Engler Callaway Baasten & Sraga, LLC
2215 York Road, Ste. 400
Oak Brook, IL 60523
630-313-4750
rgillespie@ecbslaw.com